------

HULBERT *vs.* McKAY and others.

Upon a reference to a master to ascertain the rights to the surplus moneys on a sale of mortgaged premises, under the provisions of the 136th rule of the court of chancery, the party prosecuting the reference must produce before the master a certificate of the register, or clerk, with whom the report is filed and the surplus money deposited, showing that no notice of claim to such surplus was annexed to the report of sale, and that no claim to the same has been filed previous to the entry of the order of reference ; or if claims have been filed, stating the names of the claimants, and of their solicitors, if any, and their places of residence.

And before the master proceeds to make his report as to such surplus moneys, he should ascertain, by the proper certificate and other evidence, that all claimants and other proper parties have been notified or summoned to

1841.

Hulbert
v.
McKay.

attend before him on such reference. And the fact that such certificate and evidence was produced before him should be stated in the report.

An incumbrancer who has neglected to file a notice of his claim upon the surplus moneys, as prescribed by the 136th rule, may go before the master pending the reference as to such surplus and file his claim with him, duly verified; and he will then be entitled to be heard upon the reference, as to the validity of such claim, upon such equitable terms as to costs as the master shall direct.

Parties and other claimants, upon a reference to a master to ascertain the rights to the surplus moneys upon a mortgage sale, must verify their claims in the same manner as creditors coming in under a decree are required to do; and the master may examine the claimants upon oath touching their respective claims.

Where it appears from the masters report that the proceedings, upon the reference as to surplus moneys were entirely ex parte, so that no person has a right to except to the report, the entry of an order nisi, to confirm the report, may be dispensed with; and the special order of the court to confirm the report, and to pay over the surplus moneys according to the report, may be entered together.

But in all other cases, an order nisi to confirm the report must be first entered; and a certificate of the register, or clerk, that such order has become absolute, must be produced upon the application to the court for an order to pay out such surplus moneys according to the report.

In all cases of special applications for orders to pay out moneys brought into court, the party applying must produce the certificate of the register, or clerk, with whom the money was deposited, showing the amount of the fund, and the way in which it is invested; and the claims, if any, which have been made thereon; so that the proper order may be entered to enable the applicant to obtain the fund.

March 2.

·THIS was an application on the part of N. S. Benton, one of the defendants in a foreclosure suit, for the surplus moneys arising from a sale of mortgaged premises upon a decree; under the act of the 14th of May, 1840, to reduce the expense of foreclosing mortgages in the court of chancery. The claimant obtained the usual order for a reference, on filing his claim to the surplus moneys in the office of the register where such monies were deposited, according to the provisions of the 136th rule as amended on the 3d of June, 1840. The master reported that the claimant had proved a lien upon the surplus moneys, by virtue of a judgment recovered against the mortgagor while he was the owner of the equity of redemption in the mortgaged premises, and that the claimant had made oath before him

that the amount claimed as due on the judgment was actually due and unpaid. He further reported, that none of the other defendants had appeared in the cause, and that it did not appear to him that any other person had made or filed any claim to such surplus moneys or any part thereof. And that this claimant therefore had the prior and only lien thereon by virtue of his judgment; on which there was due for principal and interest a sum exceeding the amount of the surplus moneys paid into court.

1841.

Hulbert
v.
McKay.

*D. Burwell*, for the claimant.

THE CHANCELLOR. The rule of this court has been substantially complied with in this case, except as to the production before the master of the proper evidence to show that no other claimant was entitled to notice of the hearing before him on the reference. The report states that it does not appear that any other person has made or filed any claim to the surplus moneys; from which I infer that no evidence on that subject was produced before the master. But before the master proceeded in the reference, he should have required from the claimant affirmative evidence, by a certificate from the register with whom the report of the sale was filed and the surplus deposited, that there was no notice of claim to such surplus annexed to the master's report of the sale, and that no other notice of claim thereto had been filed in his office previous to the entry of the order for a reference; or if claims have been filed stating the names of the claimants, and of their solicitors, if any, and their respective places of residence. Every such claimant, as well as every defendant who has entered his appearance in the cause, is entitled to a summons to attend the master on the reference; to be served in the manner prescribed in the rule. The master, therefore, should ascertain, by the proper certificate and other evidence, that all proper parties and claimants have been duly notified or summoned to attend on the reference, before he proceeds to make an ex parte report upon the order of

1841.

Hulbert
v.
McKay.

reference. And the fact that such evidence was produced before him, should be stated in his report.

Nor does the neglect of an incumbrancer to file his claim, before the entry of the order of reference, absolutely preclude him from making a claim to the surplus moneys on the reference ; although he may by such neglect lose his right to a summons to appear before the master. For if he comes in before the master pending the reference, and files a claim with him, duly verified, he has a right to be heard upon such claim ; upon such equitable terms, as to costs or otherwise, as the master shall think proper to impose upon him, if any of the other parties to the reference have been subjected to extra costs or otherwise prejudiced by his delay in filing his claim.

The master was right in this case in requiring the claimant to swear to the justice of his claim, and the amount actually due upon his judgment. This is a case coming within the spirit of the 105th rule, authorizing the master to examine a creditor coming in to claim before him, on oath. The principle of the decision of this court in *Morris* v. *Mowatt and others*, (4 *Paige's Rep.* 142,) is therefore applicable to such cases ; and the practice stated by the court in that case should be adopted by the master upon references of that kind.

Where it appears from the master's report that the proceedings before him have been entirely ex parte, so that no person has any right to except to the report, the expense and delay of a previous order of course to confirm the report nisi appears to be wholly unnecessary. It will not, therefore, be required in such cases, for the future ; but the special order of the court for the confirmation of the report, and for the payment of the surplus moneys to the parties entitled thereto, in conformity with such report, may be entered together. In all other cases, however, the order nisi to confirm the report must be entered ; so as to give to parties who have appeared before the master an opportunity to except. And a certificate, that such order has become absolute, must be produced to the court when the

application is made for the order to pay over such surplus moneys, according to the rights of the parties as settled by the report of the master. In this, as in all other cases where an application is made to the court for the payment of moneys which are supposed to be in the hands or under the control of its officers, the party applying for payment must produce the certificate of the register, assistant register, or clerk, with whom the money was deposited, showing the amount of the fund, and the way in which it has been invested, together with the claims, if any, which have been made thereon ; so that the proper order may be made to enable the applicant to withdraw the money from the court.

In the present case an order may be entered for the payment of the whole of the surplus money to Mr. Benton, to be applied in part payment of the balance due on his judgment, and the taxable costs of the reference, &c. upon filing a certificate of the register that no claim to such surplus was annexed to the master's report of sale, and that no other claim but the one upon which the order of reference was founded had been filed in his office previous to the entering of that order. But if any such claim had been filed it must be referred back to the master to review his report as to the surplus money, after summoning such other claimants before him upon the reference.